IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyganda Gilmore, # 13255171, ) | C/A No.: 1:19-2696-JFA-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| Family Court of Richland County, ) | REPORT AND |
| Richland County Sheriff's Dept., ) | RECOMMENDATION |
| and Department of Social Services ) | |
| for Richland County, Child ) | |
| Support Services, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Tyganda Gilmore ("Petitioner"), is an inmate at United States Penitentiary ("USP") Canaan in Waymart, Pennsylvania. [ECF No. 1]. Petitioner, proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2441, alleging the Family Court of Richland County ("Family Court"), Richland County Sheriff's Department ("Sheriff's Department"), and Department of Social Services for Richland County, Child Support Services ("DSS") ("collectively Respondents") failed to provide a sufficiently detailed statement notifying the Bureau of Prisons ("BOP") that he is not subject to a detainer upon release from BOP custody. *Id.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such pleadings for relief and submit findings and recommendations to the district judge. For

the following reasons, the undersigned recommends the district judge dismiss the petition with prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Petitioner is serving a 188-month term of imprisonment for possession with intent to distribute and distribution of a quantity of cocaine base. *See United States v. Gilmore*, Cr. No. 05-769-JFA-11 (D.S.C.).[1] His projected release date from BOP custody is March 22, 2020. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited September 25, 2019).

Petitioner previously attempted to challenge this same detainer by filing § 2241 petitions in this court and in the Eastern District of Kentucky ("Kentucky Court"). *See Gilmore v. Ormond*, C/A No. 6:16-237-GFVT, 2017 WL 2295907 (E.D. Ky. May 25, 2017)[2] ("*Gilmore I*"); *Gilmore v. Family Court of Richland County*, C/A No. 1:18-2676-JFA, 2019 WL 3852505 (D.S.C. Aug. 15, 2019) ("*Gilmore II*").

In *Gilmore I*, Petitioner named as respondent the warden of the

---

[1] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

[2] Petitioner originally filed his petition in the District of South Carolina, but the court transferred the case to the Eastern District of Kentucky because it lacked personal jurisdiction over Petitioner's custodian. *Gilmore v. Ormond*, C/A No. 1:16-2743-JFA-SVH, 2016 WL 5942099 (D.S.C. Oct. 13, 2016), incorporating 2016 WL 5956100 (D.S.C. Sept. 6, 2016).

penitentiary where he was incarcerated and requested the Kentucky Court remove South Carolina detainers that were negatively affecting his prison privileges and right to participate in specific programs. The Kentucky Court explained the detainers consisted of the following: (1) an August 2005 arrest warrant for assault and battery issued by the Hopkins Magistrate Court in Richland County ("assault warrant") and (2) a bench warrant issued by a Family Court Judge in Richland County for failing to pay child support as ordered ("child support warrant"). *Id.*, at *1. It acknowledged repeated efforts on the part of Petitioner and the BOP to resolve the assault warrant and the child support warrant. *Id.* at *1–3. Nevertheless, the court denied the petition in *Gilmore I* because Petitioner had failed to "fully pursue[] the remedies available to him in state court." *Id.* at *3. It noted Petitioner's remedy was "to formally initiate proceedings in state court in Richland County, South Carolina, and to move that court to dismiss the charges against him and quash the detainer." *Id.*

In *Gilmore II*, Petitioner brought action in this court against the above-named Respondents challenging the child support warrant under the Interstate Agreement on Detainers Act ("IADA"). The report and recommendation set forth the following explanation regarding the child support warrant:

> [I]t appears that in October 2003, Petitioner was ordered to pay, through the Family Court, child support payments of $39.00 per

3

> week in addition to 5% court costs, but he failed to do so. Two years later, a family court judge issued a bench warrant for failure to pay child support because Petitioner had failed to make a payment in two years. On May 13, 2015, the BOP sent a letter to the Richland County Solicitor regarding Petitioner's requested disposition of his outstanding charges and detainers. That letter appears to have been forwarded to Family Court.

*Gilmore v. Family Court of Richland County*, C/A No. 1:18-2676-JFA, ECF No. 36 at 9 (D.S.C. May 24, 2019).

The report and recommendation further referenced an affidavit Respondents submitted from the Deputy Family Court Administrator for Richland County, which specified as follows:

> 7.     On or about May 28, 2015 and upon information and belief, a Family Court official made telephone contact with [an individual with the BOP] and confirmed that the bench warrant was pending; a detainer had been entered into the National Crime Information Center ("NCIC") Database, and Petitioner, upon his release, was to contact Family Court. [The individual with the BOP] conveyed that Petitioner was responsible for resolving the issue of this outstanding bench warrant given that this was considered a civil matter.
>
> 8.     As of the present date, Petitioner is in arrears for the total amount of $32,555.25 and this bench warrant remains valid and outstanding.
>
> 9.     The Family Court does not pursue out-of-state extraditions, such as the present instance concerning Petitioner. If Petitioner desires to resolve this matter, following his release from prison Petitioner must personally appear in Family Court and address the aforementioned particulars with the Family Court Judge.

*Id.* In *Gilmore II*, the court concluded it had no authority to quash the civil detainer pursuant to the IADA or any other basis. *Id.* at 14.

4

II.  Discussion

    A.  Ground for Relief

Petitioner alleges Respondents failed to provide sufficient detail in a status report to the BOP, resulting in a detainer that will prevent him from being released into the community on his release date. [ECF No. 1 at 1]. He states his manager has informed him that Respondents need to provide a written statement specifying that he has an active bench warrant, but can be released into the community to address the matter with the Family Court. *Id.* at 2.

    B.  Standard of Review

This petition has been carefully reviewed pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.

Petitioner filed this action pursuant to 28 U.S.C. § 1915, which permits and indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, this statute requires a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(b).

In addition, Petitioner brings this petition pro se. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

C.   Analysis

The instant petition is the second filed by Petitioner alleging Respondents have failed to provide sufficient information to the BOP. The report and recommendation in *Gilmore II* contains the following pertinent language: "Petitioner requested that this court order Respondents to send a letter to the BOP indicating that no detainer should be placed on Petitioner's record based on the failure to pay child support, as the State will not pursue extradition, and the charge is a non-extraditable offense." *Gilmore II*, C/A No. 1:18-2676-JFA-SVH, ECF No. 36 at 12. The court's order also states the following:

> Petitioner attempts to object to the Report (ECF No. 39); however, Petitioner mostly repeats his assertions from his Petition. (ECF No. 1) Petitioner states that the Family Court could have "contact[ed] the Sheriff's Dept. (to contact the BOP to send a detainer action/letter in writing) stating a release of hold/detainer on Petitioner . . . ." (ECF No. 39 p. 1).

*Gilmore II*, 2019 WL 3852505, at *2.

6

Because the court held in *Gilmore II* that it had no authority to quash the civil detainer and dismissed the petition with prejudice, this petition is duplicative and subject to summary dismissal. *See Cottle v. Bell*, No. 00-6367, 2000 WL 114423, at *1 (4th Cir. Aug. 14, 2000) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)."). Thus, interests of judicial economy and efficiency direct that the petition be summarily dismissed. *See Aloe Creme Labs, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and record and it had no duty to grind the same corn a second time. Once was sufficient.").

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge dismiss the petition with prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 26, 2019                              Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).