IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyganda Gilmore, # 13255171, | C/A No. 1:19-cv-2696-JFA-SVH |
| Petitioner, | |
| vs. | |
| | **ORDER** |
| Family Court of Richland County, Richland County Sheriff's Department, and Department of Social Services for Richland County Child Support Services, | |
| Respondents. | |

## I.   INTRODUCTION

Tyganda Gilmore, ("Petitioner"), proceeding *pro se*, is incarcerated by the Bureau of Prisons ("BOP") at the United States Penitentiary ("USP") Canaan in Waymart, Pennsylvania. Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging the Family Court of Richland County ("Family Court"), Richland County Sheriff's Department ("Sheriff's Department"), and Department of Social Services for Richland County, Child Support Services ("DSS") (collectively "Respondents") failed to provide a sufficiently detailed statement notifying the Bureau of Prisons ("BOP") that he is not subject to a detainer upon release from BOP custody. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to the Magistrate Judge for initial review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this court should dismiss the petition with prejudice and without issuance and service of process because this action is duplicative of a prior action dismissed with prejudice. (ECF No. 6). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation. Briefly, Petitioner alleges Respondents failed to provide sufficient detail in a status report to the BOP, resulting in a detainer that will prevent him from being released into the community on his release date. These same arguments were asserted in the prior action of *Gilmore v. Family Court of Richland County*, C/A No. 1:18-2676-JFA, 2019 WL 3852505 (D.S.C. Aug. 15, 2019).

Petitioner was advised of his right to object to the Report, which was entered on the docket on September 29, 2019. (ECF No. 6). Petitioner filed objections to the Report on October 7, 2019. (ECF No. 8). Thus, this matter is ripe for review.

## II.    LEGAL STANDING

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.

1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## III.    DISCUSSION

Petitioner enumerated five separate "objections" in response to the Report. (ECF No. 8). Objection number one takes issue with the Report's introduction which states Petitioner filed a claim under 28 U.S.C § 2441, when in reality he filed a claim pursuant to 28 U.S.C § 2241. A review of the Petition indicates that Petitioner did indeed request relief pursuant to 28 U.S.C. § 2241. (ECF No. 1). However, the Report's single reference to § 2441 appears to be a typographical error only and therefore there is no error in the substantive analysis of the Report.

Petitioner's second objection takes issue with the introduction of the Report wherein the Magistrate Judge recommends dismissal of the petition. Petitioner states that "I mades claims for my relief" and "I request my petition be serve on the family court." (ECF No. 8 p. 1) (written as it appears in the original). This objection fails to point to any error in the Report and is merely a conclusory assertion disagreeing with the Report. Accordingly, this is not a specific objection which would warrant a *de novo* review.

Petitioner's third objection appears to take issue with the Magistrate Judge's recitation of Petitioner's asserted grounds for relief. Despite this conclusory allegation, the Magistrate Judge correctly stated that the crux of Petitioner's request is that the Family

Court failed to provide sufficient detail in a status report to the BOP. Accordingly, this objection also fails to show any error in the Report.

Petitioner's fourth objection again merely expresses his dissatisfaction with the Report's conclusion by stating the Magistrate Judge made an error "to dismiss my case that action fails to state claim on which relief may be granted." (ECF No. 8 p. 2) (written as it appears in the original). Here again, this "objection" fails to point to a specific error in the report and is a mere rehashing of previous arguments.

Petitioners final objection states that he is not "challenging detainer under the violation of the (I.A.D.A.) (But challenging the detainer/warrant, in this action for the Family Court, to send in the detail-written statement)." (ECF No. 8 p. 3) (written as it appears in the original). Petitioner then goes on to provide an example of the more detailed statement that he desires. However, Petitioner's objection misses the mark. The Magistrate Judge correctly opines that this petition is duplicative of Petitioner's prior action wherein he requested the same relief. That action was dismissed with prejudice. The Magistrate Judge concluded this this action is therefore subject to summary dismissal.

None of Petitioner's attempted Objections address the Magistrate Judge's proposed findings or point to any errors in the Report. Petitioner continuously reasserts his same arguments from his initial petition. Thus, Petitioner has not asserted any specific objections. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th

Cir. 1991)). To the extent that any of Petitioner's arguments could constitute specific objections, they fail to indicate any errors within the Report as discussed above.

## IV.   CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the court adopts the Report and Recommendation. (ECF No. 6). Thus, this petition is dismissed with prejudice and without issuance and service of process.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

November 5, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."